UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 JAN 26 PM 4:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

MINIE L. NEWMAN, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV97-S-2949-NE
 )
T & C STAMPING, INC., )
 )
    Defendant, )

ENTERED
JAN 2 6 1998

## MEMORANDUM OPINION

This is an action based upon Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq., in which plaintiff alleges she was subjected to "sex, disability and pregnancy discrimination" by the defendant. (Complaint ¶ 1.) The case presently is before the court on defendant's motion to dismiss "that part of plaintiff's complaint which appears to assert a claim for [hostile work environment] sexual harassment under Title VII" — namely, paragraphs 9 and 10, reading as follows:

> 9. Throughout plaintiff's employment with respondent, she was forced to work in a sexually hostile and discriminating work environment. She was continually called "little women" and accused of "whining". The respondent treats its women employees in a discriminatory fashion because of their sex. Women are subject to discriminatory treatment in the terms and conditions of work and other employment opportunities.
>
> 10. After filing her EEOC charge, the plaintiff was hired back by the defendant on January 2, 1997. However, plaintiff was still subjected to hostile and discriminating work environment. The respondent continues to treat its women employees in a discriminatory fashion because of their sex and they are continually subjected to discriminatory treatment in the terms and conditions of work and other employment practices.



(Complaint ¶¶ 9, 10.) Defendant argues that such allegations fail to state a claim upon which relief may be granted because "a plaintiff must show that she was subjected to sexual harassment of such a severe and pervasive nature that it altered the conditions of [her] employment and created an abusive working environment." (Motion to dismiss ¶ 2.)

Upon consideration of the motion and pleadings, this court determines that it would not be aided by oral argument. **Accordingly, this action is removed from the published motion docket of those cases scheduled to be heard at 1:30 p.m. on Wednesday, January 28, 1998.**

### I.  STANDARD FOR 12(b)(6) MOTION TO DISMISS

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, plaintiff need only allege "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a), *Fed. R. Civ. P.*. For purposes of a motion to dismiss, the factual allegations in the complaint must be taken as true. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991), *cert. denied*, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991). Dismissal is appropriate only where it is clear that plaintiff can prove no set of facts in support of the claims in her complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, this court may dismiss a complaint, or a claim within a complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) only when, on the basis of a dispositive issue of law, no

2

construction of the factual allegations will support the cause of action. *Executive*, 922 F.2d at 1539. *See also Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946).

## II. DISCUSSION

The five elements of a *prima facie* Title VII claim for hostile work environment sexual harassment are: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome sexual harassment; (3) the harassment complained of was based upon the employee's sex; (4) the harassment complained of affected a "term, condition, or privilege" of employment, in that it was "sufficiently severe or pervasive to alter the condition of [the victim's] employment and create an abusive working environment"; and (5) the employer either knew, or should have known of the harassment, but failed to take prompt remedial action and, therefore, is liable under principles of *respondeat superior*. *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1981); *Martin v. Norfolk Southern Railway Company*, 926 F. Supp. 1044, 1050 (N.D. Ala. 1996). Defendant's motion focuses upon the fourth element of a *prima facie* case.

Defendant claims that taunts of "little women" and accusations of "whining" are not sufficient to demonstrate a severe or pervasive hostile working environment. Plaintiff responds that she is not required to plead the specific facts of her claim, but merely must place defendant on notice that she is seeking to recover under a hostile working environment theory.

3

This court cannot find at this juncture in the action that there is "no set of facts" upon which plaintiff could recover for her hostile working environment claim. Perhaps upon the completion of discovery, and examining the facts thus disclosed through the lens of a motion for summary judgment, this court may have a different view of the issue. Until then, however, defendant's motion to dismiss is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 26th day of January, 1998.

                                                                 _____
                                                                 United States District Judge